IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HORAN and HEATHER HORAN, Individually and as H&W | : : : | CIVIL ACTION |
| v. | : : | NO. 15-1785 |
| JOHN VERANO, Individually and in his capacity as Branch Manager for Frontgate Financial, LLC a/k/a Frontgate Mortgage Company and FRONTGATE FINANCIAL, LLC a/k/a FRONTGATE MORTGAGE COMPANY and PACIFIC UNION FINANCIAL, LLC s/i/l AMERICAN HOME MORTGAGE | : : : : : : : : : : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                             **September 15, 2015**

In this action alleging a violation of the Truth in Lending Act ("TILA"), defendant Pacific Union Financial, LLC ("Pacific Union"), the assignee of the loan secured by a mortgage on the plaintiffs' home, has moved to dismiss the TILA claim against it for failure to state a claim upon which relief can be granted.[1] Because TILA does not permit assignee liability unless the violations are apparent on the face of the disclosure statements and there were no deficiencies on the documents, we shall grant the motion.

---

[1] This is the second motion to dismiss. The Horans responded to Pacific Union's motion to dismiss the original complaint by filing an amended complaint. Am. Compl. (Doc. No. 10). Pacific Union's motion to dismiss was denied as moot. Order (June 17, 2015) (Doc. No. 11). The original complaint included a cause of action against all defendants, including Pacific Union, for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Compl. ¶¶ 20-24 (Doc. No. 1). In the amended complaint, the plaintiffs do not assert an UTPCPL claim against Pacific Union. Am. Compl. ¶¶ 19-23.

**Background**

The plaintiffs, James and Heather Horan, brought this action against the mortgage company that financed the purchase of their new home and the mortgage company to which the mortgage was assigned for violations of TILA and the Pennsylvania UTPCPL. They name as defendants John Verano, who processed the Horan's mortgage application; FrontGate Mortgage Company, the mortgage placement company; American Home Mortgage Acceptance Co., the original mortgagee; and, Pacific Union, the "successor in interest" to American Home Mortgage.[2]

The Horans allege that Pacific Union and the American Home Mortgage defendants violated TILA by failing to make the required material disclosures.[3] Specifically, the Horans contend that the defendants failed to disclose the amount financed, the finance charge and the annual percentage rate; failed to comply with the TILA disclosure requirements; and failed to provide them with two copies of the Notice of Right to Cancel.[4]

Moving to dismiss the amended complaint, Pacific Union argues that it cannot be liable under TILA as an assignee because no disclosure violations are apparent from the face of the disclosure statement.[5] In response, the Horans do not address assignee liability under the TILA. Instead, they argue that the content of the loan documents and

---

[2] The plaintiffs have named several American Home defendants even though they appear to be the same entity. See Am. Compl.

[3] Am. Compl. ¶ 28.

[4] Am. Compl. ¶ 28 (a)-(e).

[5] Def.'s Mot. to Dismiss Pls' Am. Compl. ("Mot. to Dismiss") at 1 (Doc. No. 12).

the issue of whether they received the required Notice of Right to Cancel cannot be determined at this stage.[6] Alternatively, they request leave to amend their complaint.[7]

The facts alleged in the amended complaint, which we must accept as true at this stage, are as follows.[8] In January, 2013, the Horans hired Verano, branch manager for FrontGate Mortgage Company, to secure a residential mortgage loan at an interest rate of 3.5% or lower.[9] Several other loan officers advised the Horans that it was not possible to obtain an interest rate lower than 3.5% percent.[10] However, the Horans contend that Verano told them that he could secure the 3.5% interest rate because they were returning customers.[11] Although the Horans do not specifically claim that they requested flood insurance as part of their mortgage application, they assert that they "gave Verano a certificate of flood insurance, per the mortgage application requirements."[12]

Several hours before closing, Verano sent closing documents to the Horans and their settlement representatives.[13] The Horans proceeded to closing. The disclosure

---

[6] Resp. in Opp'n. to Def.'s Mot. to Dismiss Pl.'s Am. Compl. ("Resp. to Mot. to Dismiss) at 5 (Doc. No. 16).

[7] *Id.* at 3.

[8] When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.,* 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008)).

[9] Am. Compl. ¶¶ 7, 9.

[10] Am. Compl. ¶ 9.

[11] Am. Compl. ¶ 9.

[12] Am. Compl. ¶ 10.

[13] Am. Compl. ¶ 11.

statement, signed by the Horans, reveals that the amount financed is $323,045.80, the finance charge is $258,198.84, the interest rate is 3.75%, the annual percentage rate is 4.626% and the total payments over the term of the loan is $581,244.64.[14] The Horans signed a Notice of Right to Cancel, which included an acknowledgment that they received two copies of the Notice of Opportunity to Cancel.[15]

For almost a year, the Horans made monthly mortgage payments of about $2400.00, which consisted of payments of principal and interest, and escrow for taxes and insurance.[16] On December 19, 2013, Pacific Union informed the Horans that their mortgage payments would increase by $400 per month.[17] The Horans claim that they suffered "financial loss and significant emotional distress" because Verano had misrepresented that their monthly payments would be approximately $2400.00 per month.[18] They seek rescission of the loan, termination of any security interest, statutory, compensatory, treble and punitive damages, return of loan proceeds, actual damages and attorney's fees and costs.[19]

## Analysis

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[14] Am. Compl. Ex. B (Federal Truth-In-Lending Disclosure Statement) (Doc. No. 10-2).

[15] Am. Compl. Ex. C (Notice of Right to Cancel) (Doc. No. 10-3).

[16] Am. Compl. ¶¶ 9, 12.

[17] Am. Compl. ¶¶ 13, 15.

[18] Am. Compl. ¶¶ 16, 18.

[19] Am. Compl. at 6.

12(b)(6). The claims against Pacific National fail for two reasons. First, the attempt to rescind the loan transaction is untimely. Second, there is no basis for assignee liability under TILA.

Under TILA, a borrower has three days from the later of the date of the transaction or the date of delivery of the required TILA disclosures to rescind a financing transaction. 15 U.S.C. § 1635(a). If a creditor fails to deliver the disclosures at all, the right to rescind does not expire until three years after the consummation of the transaction or upon the transfer or sale of the property, whichever occurs earlier. 15 U.S.C. § 1635(f).

In the amended complaint, the Horans allege the disclosures were delivered to them at the closing on February 11, 2013. Consequently, their right to rescind the transaction expired three days later, on February 14, 2013. See 15 U.S.C. § 1635(a). They did not seek rescission until they filed this action more than two years after the transaction.

In an attempt to skirt the TILA time limitations, the Horans allege that Pacific Union failed to deliver the required disclosures. They contend Pacific Union failed to deliver two copies of the Notice of Right to Cancel.[20] However, they have attached to their amended complaint signed copies of both the disclosure statement and the Notice of Right to Cancel. The Notice of Right to Cancel clearly acknowledges that they received two completed copies.[21]

The Horans attached to their amended complaint a signed Federal Truth-In-

---

[20] Am. Compl. ¶ 28(e).

[21] Am. Compl. Ex. C.

Lending Disclosure form dated February 11, 2013, and a signed Notice of Right to Cancel.[22] The Horans argue that we must accept as true the conclusion in the amended complaint that Pacific Union did not make the required material disclosures.[23] The allegation is contradicted by the documents they attached to their amended complaint.

The Horans cannot create a factual dispute by contradicting what is apparent from the face of the disclosure statement. *Pannetta v. Milford Chrysler Sales Inc.,* No. 145680, 2015 WL 1296736, at *4 (E.D. Pa. March 23, 2015); *see also, ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 n. 8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."). Having produced signed copies of the acknowledgment of receipt of the disclosure statement and the Notice of Right to Cancel, the Horans cannot now maintain that they did not receive them.

An assignee of a creditor can be liable for TILA violations only if the violation "is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a); *Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994). Assignees have no obligation to look beyond the face of the documents to determine if the information is accurate. In other words, assignees are not required to conduct their own investigation to verify the accuracy of the information disclosed on the documents. *Ramadan v. Chase Manhattan Corp.,* 229 F.3d 194, 198 (3d Cir. 2000). However, if the disclosure is incomplete or inaccurate, or it does not use the terms required by TILA, the violation is

---

[22] Am. Compl. Ex. B; Am. Compl. Ex. C.

[23] Resp. to Mot. to Dismiss at 2-3.

deemed apparent. 15 U.S.C. § 1641(a).

The disclosure statement and documents disclose the terms required by TILA.[24] 15 U.S.C. § 1638. The disclosure statement, which the Horans signed, reveals the amount financed, the finance charge, the annual percentage rate, the interest rate, the total payments and the late fee.[25] The disclosure statement identifies the security and states that the Horans will not be entitled to a rebate or penalty upon prepayment.[26] It also states that the mortgage is assumed.[27] Because the terms required by § 1638 are included, there are no disclosure violations apparent on the face of the disclosure statement.

There are no apparent errors on the disclosure statement. The documents were standard HUD-approved forms which used the compliant language. The information on the form, including the terms the Horans contend are erroneous and inaccurate, is not facially inaccurate. Thus, there is no basis for imposing assignee liability on Pacific Union.

The Horans have requested leave to amend their complaint a second time.

---

[24] The consumer credit transaction should include the "identity of the creditor required to make disclosure" and descriptive statements explaining what the terms mean. 15 U.S.C. § 1638(a)(1), (a)(8). The required terms are the amount financed, finance charge, annual percentage rate and total of payments. *Id.* § 1638(a)(2)(A), (a)(3)-(a)(5). The disclosure must include any fee for a late payment. *Id.* § 1638(a)(10). The disclosure must indicate whether the consumer will be entitled to a rebate or penalty upon refinancing or prepayment, where the credit is secured and whether someone who buys the property assumes the debt on its original terms. *Id.* § 1638(a)(11), (a)(9), (a)(13). Additionally, for a residential mortgage loan, the disclosures must include the aggregate amount of settlement charges for all settlement services, the aggregate amount of fees paid to the mortgage originator and the total amount of interest that the consumer will pay over the life of the loan as a percentage of the principal of the loan. *Id.* § 1638(a)(17)-(a)(19).

[25] Am. Compl. Ex. B.

[26] *Id.*

[27] *Id.*

Where the complaint does not withstand a 12(b)(6) motion, a curative amendment must be allowed unless amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d. Cir. 2004). An amendment is futile if the proposed amendment would still fail to state a claim upon which relief can be granted. *Shane v. Fauver*, 213 F.3d 113,115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory,* 114 F.3d 1410, 1434 (3d Cir. 1997)).

In this case, the Horans have not provided any additional facts they could plead if granted leave to amend or how amending their complaint again would overcome the motion to dismiss. They do not state or imply that they could amend this complaint to hold Pacific Union liable as an assignee. Because the disclosure statement speaks for itself, it is clear that amendment would be futile. Therefore, because amendment would not cure the deficiencies in the complaint, we shall deny the Horans' request to amend their complaint a second time.

## Conclusion

The plaintiffs' amended complaint fails to set forth facts supporting their TILA claim against Pacific Union. Further, their right to rescind the transaction expired. Therefore, we shall grant Pacific Union's motion to dismiss the amended complaint against Pacific Union Financial.